# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Wallace Shannon Lane, )<br>)<br>　　　　　Petitioner, )<br>)<br>v. )<br>)<br>Warden, )<br>)<br>　　　　　Respondent. )<br>_____ ) | Case No. 8:22-cv-1855-RMG<br><br>**ORDER AND OPINION** |

　　　　This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 10) recommending that Petitioner's petition be summarily dismissed. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Petitioner's petition without prejudice.

## I.　Background

　　　　Petitioner, proceeding pro se, is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is currently incarcerated at Edgefield Federal Correction Institution. Petitioner brings this petition for habeas corpus pursuant to 28 U.S.C. § 2241.

　　　　On June 29, 2022, the Magistrate Judge filed an R&R recommending that the petition be summarily dismissed. (Dkt. No. 10). Petitioner filed objections to the R&R. (Dkt. No. 14).

## II.　Legal Standards

### a.　Pro Se Pleading Standard

　　　　This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall,* 454 U.S. 364,

365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them," *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir.1985), *cert denied,* 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986).

### b. Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Petitioner filed objections to the the R&R, the R&R is reviewed de novo.

### III. Discussion

Petitioner challenges the BOP's alleged refusal to calculate his sentence via Earned Time Credits ("ETC") under the First Step Act ("FSA") in accordance with 18 U.S.C. § 3632(d)(4)(A). (Dkt. No. 1 at 2); (Dkt. No. 10 at 1-2) (noting Petitioner is serving a sentence of 78-months' imprisonment and 4 years' supervised release for distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and was sentenced on January 27, 2020). While Petitioner contends that

the BOP has failed to "acknowledge, calculate, determine, recognize, credit or apply" FSA Time Credits, (Dkt. No. 1 at 2), Petitioner also admits that has not filed an appeal or grievance or sought an administrative remedy to his claim, (*Id.*). Petitioner asks that the Court order the BOP grant him 365 days of ETC and immediately release him from incarceration. (*Id.* at 6).

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Petitioner's petition is subject to summary dismissal. The Magistrate Judge correctly determined that the petition must be dismissed for failure to exhaust BOP remedies. (Dkt. No. 10 at 5-10); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (prior to filing a § 2241 habeas petition, a petitioner must exhaust his administrative remedies); *Id.* (a petitioner's failure to exhaust administrative remedies is excused only upon a showing of cause and prejudice); *U.S. v. Jeter*, 161 F.3d 4, at *2 (4th Cir. 1998) (requirement to exhaust administrative remedies is not waivable). As noted in the R&R, while some courts have held that the judicial exhaustion requirement of § 2241 may be excused for discretionary reasons, such as where requiring exhaustion would be futile, (Dkt. No. 10 at 7), Petitioner has "failed to allege facts supporting his conclusory assertion that exhaustion of the BOP's administrative remedies process would 'cause irreparable harm for delay,' . . . failed to identify any issue of statutory construction the Court must resolve, and . . . failed to explain why the BOP's determination of his release date is incorrect," (*Id.* at 8). Petitioner filed objections to the R&R which the Court addresses below.

The Court overrules Petitioner's objections. (Dkt. No. 14). Petitioner's objections do not take substantive issue with any portion of the R&R or attempt to refute the fact Petitioner has failed to exhaust BOP administrative remedies. Instead, Petitioner complains that the BOP's administrative process is "lengthy and tedious." (*Id.* at 2). Petitioner further argues that, based upon his personal calculations, he is entitled to release immediately and thus is suffering

irreparable harm. (*Id* at 3-4). As the Magistrate Judge noted in the R&R, however, such conclusory statements do not establish "cause and prejudice," and, at bottom, "this is precisely the type of case which requires a fully developed administrative record so that the Court may evaluate the BOP's calculations of time to be credited to Petitioner's sentence." (Dkt. No. 10 at 8); *Mero v. Phelps*, No. 4:20-cv-3615-MGL-TER, 2020 WL 7774378, at *2 (D.S.C. Nov. 2, 2020) ("The BOP should be afforded the opportunity to correct any alleged errors, to develop its factual record, and apply its expertise to the situation."), Report and Recommendation *adopted* by 2020 WL 7769784 (D.S.C. Dec. 30, 2020). Accordingly, Petitioner's objections are overruled.

## IV.    Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 10) as the order of Court and dismisses Petitioner's petition without prejudice. The Clerk is directed to close this case.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

July 18, 2022  
Charleston, South Carolina